Green, J.
delivered the opinion of the court.
This is a bill by the complainants, trustees for the “Memphis Auxiliary Company,” who derive their title from a grant to John Ramsey and John Overton for 5000 acres of land, calling to lie on the Mississippi river and bounded on the west by the river, to enjoin the defendant Williams from obtaining grants upon two entries made by him, calling to be west of said Ramsey and Overton grant. One of these entries calls to begin at a stake on the west boundary line of Ramsey and Over-ton’s 5,000 acre grant, No. 19,060, the north east corner of a fifty acre survey in the name of said Williams, and south west corner of John Overton’s division of said grant, thence with the line of said grant north 41 degrees, east 17 chains, thence North 36 degrees, East 4 chains and 34 links, thence north 49 degrees, east 6 chains and 57 links to a stake on west boundary line, thence west 14 chains to the Mississippi river, a stake at the water, thence down said fiver with the meanders of the water 27 chains to a stake at the water due west of the beginning, thence east 14 chains to the beginning. The calls of the other entries are similar to the one above recited. To this bill the defendant demurred and the chancellor allowed the demurrer and dismissed the bill.
The question now is whether this court has jurisdiction to afford the relief asked for? It is admitted by the counsel for the complainants, that if the statements of the bill only raise a question of boundary, a Court of Chancery is not the proper forum to determine it. And we think there is manifestly no other question presented by the facts set forth. The entries of Williams both call to lie west of the complainants’ grant to begin at a stake on their west boundary and to run thence with said line, &c. It is true it afterwards calls to run west 14 chains to the river, thence down the river along the edge of the water to a stake at the water, and thence east 14 chains to the beginning. But these calls do not produce any interference with the complainants, for if their land is bound by the river as he alledges in the bill, the defendant, as a necessary consequence, gets nothing, because between the western boundary of the *572 complainants’ grant, which is his eastern boundary and the river his western boundary, there is no space. The only question, therefore, is, where is the western boundary of the complainants’ grant? That being settled, there is no dispute, and that is a question of boundary and nothing else. It is suggested that as proof, the calls of the second and the third do not expressly mention again that these lines are with the western boundary of the complainants’ grant, it may be inferred that they encroach upon it. We do not think any such inference can be drawn. The first call is to begin on the west bounda-ryline of the complainants’ grant at a stake in that line, thence with the line of said grant north 47 degrees 17 chains, thence north 36 degrees, east 4 chains 34 links, thence north 49 degrees, east 6 chains 57 links to a stake on the west boundary line,.thence west, &c. We think the inference is that the entire Eastern line of the entry is to correspond with the western line of complainants’ grants. The bill does not state that the courses called for in the second and third calls would encroach upon the grant, and in the absence of such allegation the inference is irresistible that they do not. The case therefore presents the single question as to the locality of the complainants’ western line. There is no error in the decree, and we order that it be affirmed.